Ronald Dale **SMITH**, Petitioner,

v.

Raymond **ROBERTS**, et al., Respondents.

No. 94–3135–DES.

United States District Court,
D. Kansas.

May 31, 1995.

Ronald D. Smith, Ellsworth, KS, pro se.

Kyle G. Smith, Kansas Bureau of Investigation, Topeka, KS, for Raymond (NMI) Roberts, Atty. Gen. of Kansas.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate in the Lansing Correctional Facility, Lansing, Kansas.

The procedural history and facts of the case as outlined in pages two through four of respondents' answer and return are adopted by this court and made a part of this memorandum and order by reference.

Petitioner was sentenced after his conviction in a jury trial to five to twenty years in a correctional facility on December 21, 1984.

Supplemental facts pertaining to petitioner's claims are as follows:

On December 27, 1984, the Missouri Division of Family Services received a call on the Children's Hotline regarding "Uncle Dick." In response to the information gleaned from the Hotline call, Kathy Fausset, an investigative worker with the service, held an interview with T.W. The child admitted that there was sexual involvement that took place when she and her mother Robin went to visit Uncle Dick. T.W. stated that she was forced to perform sexual acts for Uncle Dick, and in exchange Robin received money and jewelry.

On January 2, 1985, Robin also admitted that she had been prostituting T.W. for money and jewelry, thus corroborating petitioner's trial testimony and defense.

Twenty-one days after petitioner's sentencing, on January 12, 1985, a call was placed to the prosecuting attorney of the case, Mary Ann Slattery, informing her of the admissions of both the mother and the daughter. Slattery stated that if T.W. had been sexually molested by Uncle Dick and Robin knew about it, "Robin Smith had perjured herself on the witness stand." Slattery made no attempt to inform petitioner or his attorney of the possibility that her witnesses had perjured themselves.

Five months later, on May 17, 1985, Mr. Smith filed a direct appeal. Because neither he nor his attorney were ever told by the prosecutor that she had evidence that directly contradicted the trial testimony of T.W. and Robin, despite a pretrial request for all exculpatory information, the sole issue of the appeal was whether the trial court erred in admitting into the trial record certain evidence regarding an incident in April of 1984 when a railroad detective discovered Robin and Mr. Smith having sexual relations in their car while weapons were present.

Assistant District Attorney Slattery continued to defend Robin's credibility during the appellate process although she was aware of her possible perjury and the direct inconsistencies between Robin's testimony and what she told the workers at the Missouri Division of Family Services. The State's brief acknowledged that the entire case of the defense was founded on an attempt to discredit Robin: "Throughout the trial, the defense's position was that the mother, Robin Smith, was not a credible witness; that had also been the thrust of the defense at the preliminary hearing." The importance of credibility was further recognized by the State when it noted that, "the court saw that the credibility of the mother and child would be crucial throughout the trial."

Without the knowledge that petitioner may have been convicted on the testimony of witnesses who had possibly perjured themselves, petitioner's attorney, in the appellant's brief, summarized the facts of the case this way: "When questioned, T.W. denied that anybody else in the family had touched her sexually." Because the prosecutor failed to inform him of the exculpatory information she had received three days after sentencing, petitioner's attorney was not able to challenge the assertion quoted above, nor attack the credibility of Robin and T.W. by suggesting that they had perjured themselves on the witness stand.

The Kansas Supreme Court affirmed petitioner's conviction on October 25, 1985.

272

Petitioner did not receive information as to Robin and T.W.'s changes of story until April 1990.

On August 6, 1990, petitioner petitioned the District Court of Wyandotte County, Kansas, for post-conviction relief under K.S.A. § 60–1507. Relief was sought on the grounds that (1) he was convicted on the perjured testimony of the prosecution's two key witnesses; and (2) the prosecution withheld material, exculpatory evidence in violation of his due process as protected by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner contended that the admissions under oath by both Robin and T.W. to the Missouri Division of Family Services demonstrated that they were lying when they asserted at trial that no one except the petitioner could be responsible for the sexual contact with T.W. He asserted that their perjury undermined their credibility, thereby casting doubt upon his conviction, and that the failure of the State to disclose exculpatory material entitled him to a new trial.

The district court found that the newly discovered evidence was not so significant that its disclosure would likely have produced a different result on retrial, and that the statements of Robin and T.W. do not directly contradict their testimony at trial. As to petitioner's *Brady* challenge, the district court held that any flaw in the nondisclosure of exculpatory evidence was remedied by its consideration at the hearing on the K.S.A. 60–1507 motion.

On appeal the Kansas Court of Appeals held, in an unpublished opinion filed November 25, 1992, that although "it would have been better practice for the State to have disclosed the new information when it became known," denial of relief as to both issues was affirmed. Kansas Court of Appeals, number 67,366, November 25, 1992.

Petition for review was denied by the Supreme Court of Kansas on February 4, 1993.

 The State District, Court of Appeals and Supreme Court have all made findings that in the State K.S.A. 60–1507 case the theory of petitioner's case is not substantiated. These decisions are binding on this court in this habeas proceeding. Factual findings by state trial and appellate courts are entitled to a presumption of correctness unless a federal court concludes that a factual determination is not fairly supported by the record. *Lafferty v. Cook,* 949 F.2d 1546, 1549 (10th Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1942, 118 L.Ed.2d 548 (1992). 28 U.S.C. § 2254(d)(8). This court cannot find that this factual determination is not fairly supported by the record. This is true although this court believes the findings in state court would be difficult to substantiate.

**IT IS BY THE COURT THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED** that this petition for habeas corpus be denied.